UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN E. GRABLE and
SUZANNE GRABLE,

        Plaintiffs,

v.                                            Case No.  8:08-cv-1755-T-24 MAP

TASER INTERNATIONAL, INC.,

        Defendant.

_____/

## ORDER

      This cause comes before the Court on Plaintiffs' Motion to Remand.  (Doc. No. 7).

Defendant opposes the motion.  (Doc. No. 9).

## I.  Background

      Plaintiffs allege the following in their complaint (Doc. No. 2): Defendant Taser

International, Inc. ("Taser") designs and manufactures taser devices.  On October 22, 2004,

Plaintiff Brian Grable, a law enforcement officer, participated in a Taser training course, in

which Taser recommended that the officers receive a three second shock from the taser device.

Mr. Grable agreed to being shocked by the device, and as a result, he has permanent physical

injuries.

      He asserts three claims against Taser: (1) product liability, (2) negligence, and (3) failure

to warn.  He seeks an unspecified amount of damages, stating only that he "has sustained

permanent injuries, incurred medical expense in the past and will incur medical expense in the

future, lost wages in the past and will lose wages in the future, has sustained mental pain and

suffering, and other money damages."  He also reserves the right to amend the complaint to seek

an award of punitive damages.  Additionally, his wife asserts a loss of consortium claim against

Taser.

After receiving the complaint, Taser removed the case to this Court, stating that this

Court has diversity jurisdiction.  There is no dispute that the parties are diverse, and Taser states

that the amount in controversy exceeds $75,000 given the serious nature of the injuries that

Plaintiffs allege.  In response, Plaintiffs filed the instant motion to remand.

## II.  Motion to Remand

In their motion to remand, Plaintiffs argue that Taser has not met its burden of showing

that there is the requisite amount in controversy.  As explained below, the Court agrees.

When a defendant removes a case in which the plaintiff makes an unspecified damages

claim, the defendant bears the burden of establishing the jurisdictional amount by a

preponderance of the evidence.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th

Cir. 2007).  As explained in Lowery:

> [A] court review[s] the propriety of removal on the basis of the removing
> documents.  If the jurisdictional amount is either stated clearly on the face of the
> documents before the court, or readily deducible from them, then the court has
> jurisdiction.  If not, the court must remand. Under this approach, jurisdiction is
> either evident from the removing documents or remand is appropriate.

Id. at 1211.  Furthermore, even though the defendant "may have no actual knowledge of the

value of the claims, the defendant is not excused from the duty to show by fact, and not mere

conclusory allegation, that federal jurisdiction exists."  Id. at 1217.  "Federal courts are courts of

limited jurisdiction, and . . . all uncertainties as to removal jurisdiction are to be resolved in favor

of remand."  Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

Based on a review of the complaint and the Notice of Removal, the Court finds that

Defendant has not met its burden of showing that there is the requisite amount in controversy. The allegations relating to Plaintiffs' damages (such as Mr. Grable's unspecified permanent injury) are too vague to support the conclusion that the amount in controversy has been satisfied. See, e.g., Williams v. Best Buy Co., Inc., 269 F.3d 1316 (11th Cir. 2001)(finding that the plaintiff's allegations that she tripped on a curb and sustained permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, and experienced a diminished earnings capacity were not sufficient to support the defendant's contention, by a preponderance of the evidence, that the amount in controversy was satisfied); Howell v. Fields Realty, LLC, 2008 WL 2705383 (M.D. Ala. July 10, 2008)(finding that the plaintiff's allegations that she fell and broke her jaw, knocked out some of her teeth, injured her shoulder, incurred medical bills and that she was seeking compensatory and punitive damages were not sufficient to support the defendant's contention, by a preponderance of the evidence, that the amount in controversy was satisfied); Williams v. Wal-Mart Stores, Inc., 534 F. Supp.2d 1239 (M.D. Ala. 2008)(finding that the plaintiff's allegations that she fell and broke her leg, fractured her hip, and injured her shoulder, necessitating surgery were not sufficient to support the defendant's contention, by a preponderance of the evidence, that the amount in controversy was satisfied); Channel v. Nutrition Distribution, LLC, 2008 WL 220934 (M.D. Ala. Jan. 25, 2008)(finding that the plaintiff's allegations that he suffered serious, life-threatening injuries, including liver failure, that he would continue to suffer due to his use of the defendant's dietary product were not sufficient to support the defendant's contention, by a preponderance of the evidence, that the amount in controversy was satisfied).  Therefore, this case must be remanded.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand (Doc. No. 7) is **GRANTED**.  The Clerk is directed to remand this case back to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4